# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDON GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-04-508-RAW-SPS |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant, Lindon Glover, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability benefits under the Social Security Act. The claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred, because the ALJ incorrectly determined he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED AND REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work in the national economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must

---

[1] Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See id.* §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account his age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on September 14, 1960, and was 43 years old as of the date of the ALJ's decision. The claimant has a general equivalency diploma. (Tr. at 63). The claimant previously worked as a bus driver, and a livestock handler. The claimant alleges he has been unable to work since December 1, 1996, due to pain, blackouts, dislocated knees, attention deficit disorder, depression, and loss of interest in life. He also alleges disability as of October 23, 2003, due to scoliosis and depression. (Tr. at 57).

## Procedural History

On October 23, 2002, the claimant protectively filed for Disability Insurance Benefits. This application was denied initially and upon reconsideration. On January 13, 2004, the claimant testified at a hearing in Ada, Oklahoma, before Administrative Law Judge ("ALJ") Larry M. Weber, where he was represented by attorney Greg Saunders. On May 25, 2004, the ALJ issued a decision denying benefits. The Appeals Council denied the claimant's subsequent request for review on October 15, 2004. Accordingly, the administrative action is final in this case. 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found the claimant had the residual functional capacity ("RFC") to perform a full range of light work

subject only to the need to perform simple routine work tasks. The ALJ determined that the claimant was not disabled because his impairments do not prevent him from performing his past relevant work. 20 C.F.R. § 404.1520(g).

**Review**

The claimant asserts that the ALJ erred: (i) by failing to recognize all the claimant's severe impairments; (ii) by failing to include all the claimant's severe impairments in his RFC; and, (iii) by failing to conduct a proper analysis of the claimant's past work history. As part of his first assertion of error, the claimant argues, *inter alia*, that the ALJ failed to fully develop the record as to his breathing impairment. The undersigned Magistrate Judge finds this argument persuasive and accordingly recommends that the case remanded to the Commissioner for further development of the record. Because this may in turn affect the claimant's RFC and the ALJ's disability determination, the undersigned Magistrate Judge declines to address the claimant's other assertions of error at this time.

With regard to the claimant's lung impairment, the record reflects that the claimant first presented to Valley View Regional Hospital, on August 22, 2002, by ambulance from the Pontotoc County Jail. He complained of shortness of breath due to asthma. The claimant was wheezing, but the triage nurse felt his condition was non-urgent. The claimant was placed on an IV and given 500 mg of Solumedrol. His chest x-ray was normal. He was prescribed a Proventil inhaler and discharged after showing improvement. (Tr. at 94-101).

The claimant next presented to the ER at Valley View with shortness of breath on November 19, 2002. He reported having asthma and that he smoked approximately one pack

of cigarettes a day. He indicated his shortness of breath began the day before and was getting worse. The ER doctor found the claimant was suffering from asthma and bronchitis, prescribed Amoxil and directed the claimant to continue using his inhaler. The claimant again improved and was discharged. (Tr. at 106-117).

The claimant next presented to Valley View on November 26, 2002. He was suffering from an asthma attack and was out of his inhaler. The triage nurse noted wheezing sounds bilaterally and felt the claimant's condition was urgent. The ER doctor diagnosed the claimant with acute exacerbation of asthma and prescribed Proventil and a Medrol Dosepak (Methylprednisolone). A chest x-ray was normal. Again, the claimant was discharged after showing marked improvement. (Tr. at 120-128).

The claimant next presented at Valley View Regional Hospital on December 11, 2002. He complained of shortness of breath for the past two to three days and reported that his inhaler was providing no relief. The triage nurse found no audible wheezing and noted that the claimant was not in acute distress. The ER doctor diagnosed the claimant with acute exacerbation of COPD, prescribed and Albuterol inhaler and discharged the claimant after he showed marked improvement. (Tr. at 132-136).

On March 17, 2003, the claimant presented to Paul Dichter, D.O., for a consultative examination in connection with his application for social security benefits. Dr. Dichter found, *inter alia*, that the claimant's lungs were clear to auscultation and percussion bilaterally. Dr. Dichter diagnosed the claimant with scoliosis but did not mention asthma or COPD. (Tr. at 138-143).

As the Commissioner notes, the foregoing medical evidence "is not sufficient to establish that [the claimant's] breathing problems limited his activities on an ongoing basis for at least twelve months." *See* Brief in Support of Defendant's Administrative Decision Denying Disability Benefits to Plaintiff [Docket No. 9], p. 4. Generally, diagnosis of a medical condition does not in and of itself establish the existence of a disability. *See, e. g., Bernal v. Brown,* 851 F.2d 297, 301 (10th Cir. 1988) ("The mere fact that Bernal was diagnosed as suffering from major depression does not automatically mean that he is disabled."). But there was other evidence of the claimant's breathing impairment, *e. g.*, the claimant testified that he needed to use his nebulizer at least four to five times a day, (Tr. at 226), and that his asthma affected his ability to walk, (Tr. at 229-30), neither of which the ALJ mentioned in considering the severity of the claimant's breathing impairment. Taken together, the medical evidence and the claimant's testimony were "sufficient to suggest a reasonable possibility that a severe impairment exists." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997). It then became "the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment." *Id*. at 1167. *See also* 20 C.F.R. § 404.1519a(a)(3)("A consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on your claim."). Further, it seems fairly clear that a consultative examination would have been helpful to resolving the issue of the claimant's breathing impairment; the claimant's attorney recognized this and specifically asked the ALJ to request such an examination at the close of the hearing (Tr. at 249-250). *See Hawkins,* 113

F.3d at 1167-68 ("Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development."), *citing See Glass v. Shalala,* 43 F.3d 1392, 1394-96 (10th Cir. 1994).

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further development of the record as to the claimant's breathing impairment. On remand, the ALJ should order a consultative examination, determine whether the claimant's breathing impairment is severe and, if appropriate, re-evaluate the claimant's RFC and determine what work, if any, the claimant can perform.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and REMANDED. Parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Findings and Recommendations within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this __27th__ day of September, 2006.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**